BEY & ASSOCIATES, LLC

December 30, 2020

***VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED***
Sedgwick Claims Management Services, Inc.
Attn: Laurie Sjoberg
P.O. Box 14436
Lexington, KY 40512

RE:   **UNLIQUIDATED DAMAGES INTEREST ACT AND
      TIME LIMITED DEMAND UNDER O.C.G.A. § 51-12-14**

| | | |
|---|---|---|
| Our Client | : | Lanesha Wimbush |
| Date of Incident | : | March 27, 2020 |
| Claim No. | : | 30206644718-0001 |
| Location of Incident | : | Family Dollar |
| | | 6113 Fairburn Rd, |
| | | Douglasville, GA 30134 |

Dear Laurie Sjoberg:

Please accept this letter as both a time limited demand and an Unliquidated Damages Interest Act demand on behalf of our client, Lanesha Wimbush. This Demand arises out of the March 27, 2020 incident in which Ms. Wimbush suffered injuries on your insured's premises. This letter is Ms. Wimbush's good faith offer to resolve this matter prior to litigation. Ms. Wimbush has incurred medical bills and special damages as a direct result of the subject incident. This Demand is made for two reasons:

1) Settling this personal injury claim without the necessity of litigation and the legal expenses that would arise therefrom, and;

2) To lay the foundation for obtaining interest, excess monies over the liability coverage, and attorney's fees, should Family Dollar Store in bad faith, refuse to settle this claim. It is expressly understood that any and all representations made herein are for the limited purpose of settlement discussions and in no way may be used in any legal proceeding regarding this matter.

With the intention of settling this matter, we herein submit all pertinent data at our disposal and stand ready to provide any reasonable assistance to you in acquiring other data you deem essential. No settlement shall be binding and effective until it has been reduced to writing and signed by Lanesha Wimbush.

## STATEMENT OF FACTS

1. On March 27, 2020, Lanesha Wimbush was an invitee at the Family Dollar store located on 6113 Fairburn Rd, Douglasville, GA 30134.

2. As Ms. Wimbush was walked through the detergent aisle, she unknowingly stepped onto a wet substance.

3. The spill caused Ms. Wimbush to slip and fall onto the floor, causing a concussion, bruising, headaches and swelling on her back.

4. Another individual observed the incident and asked an employee to clean up the wet substance, but no one immediately reported to the scene.

5. As a result of this injury, Ms. Wimbush sought immediate treatment at Wellstar Atlanta Medical Center where she complained of neck pain, back pain, and pain in the back of her head.

6. Prior to being discharged, the physician order x-rays of the cervical, thoracic, and lumbar spinal regions, prescribed pain medications, and recommended that she follow up with another physician for outpatient treatment.

7. After being discharged from the hospital, Ms. Wimbush sought further treatment from Hope Neurological & Medical Services, Urgent Pain Management, Inc. and American Health Imaging for bodily injuries.

8. Prior to being discharged, Ms. Wimbush' treatment consisted of bilateral SI joint injections, MRI of the brain, cervical and lumbar spine, lumbar bilateral facet blocks at bilateral L4/5, CMT 3-4 Regions, ultrasound, TENS, therapeutic exercise, neuromuscular reeducation, right occipital nerve block and prescribed pain medication for injuries sustained from this incident.

## 100% LIABILITY

This is a case in which we have little doubt that Defendant Family Dollar store will be held entirely responsible for Lanesha Wimbush's injuries. "Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such person for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe". O.C.G.A. § 51-3-1. Though an owner or occupier is not an insurer of an invitee's safety; the law does require that he use such diligence toward making the premises safe.  Kouche v. Farr, 730 S.E.2d 45 (2012).

### 1.   Lanesha Wimbush was a Customer/Invitee

Ultimately, an owner or occupier of land has a duty towards invitees under O.C.G.A. § 51-3-1 to exercise ordinary care in keeping the premises and approaches safe. An owner or occupier of land is liable to invitees for injuries caused by the owner's failure to exercise ordinary care in keeping the premises and approaches safe. *See Anderson v. Canup*, 317 Ga. App. 558 (2012). This duty of care owed to an invitee has been described as "the highest duty of care" and includes inspecting the premises to discover possible dangerous conditions of which the premises owner does not have actual knowledge and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises. *See Freeman v. Eichholz*, 308 Ga. App. 18 (2011); *Ferguson v. Premier Homes, Inc.*, 303 Ga. App. 614 (2010).

It is undisputed that Ms. Lanesha Wimbush was an invitee in Defendant Family Dollar's store as she was a customer there to purchase groceries. Ms. Wimbush, like all customers/invitees, is a person who is induced by express or implied invitation to come onto a property. The typical invitee is a customer at a store. (Emphasis added).

### 2.   The Hazardous Condition

The presence of hazardous conditions in the form of foreign substances <u>specifically on the floors of commercial business, such as Family Dollar Inc.</u>, is an issue that has previously been considered by the Federal Court here in Georgia. <u>Fuchs v. Wal-Mart, Inc.</u>, 205 U.S. Dist. LEXIS 38051 N.D. Ga. (2005) In <u>Fuchs</u>, the Court held that food products, such as cola on the floor, are hazardous condition that present a danger to customers. Thus, a liquid that causes a floor to become slippery constitute a foreign substance and a hazardous condition. <u>Id.</u>

In this case, the unknown liquid substance that caused Ms. Wimbush's fall was not intended to be left there for a customer to potentially walk on. Any unattended foreign substance on the floor is sure to cause a hazardous condition to any invitee walking on. Thus, the liquid in this case was a foreign object that created a hazardous condition.

### 3.   Family Dollar had Superior Knowledge of the Hazard

It is also undisputed that Defendant Family Dollar had knowledge that the presence of the foreign substance on the floor created an unsafe condition.

"Constructive knowledge can be established in one of two ways: (1) by evidence that employees were in the immediate vicinity and easily could have noticed and removed the hazard, or (2) by evidence that the substance had been on the floor for such a time that (a) it would have been discovered had the proprietor exercised reasonable care in inspecting the premises, and (b) upon being discovered, it would have been cleaned up had the proprietor exercised reasonable care in its method of cleaning its premises." *Prescott v. Colonial Properties Trust, Inc.*, 283 Ga. App. 753(2007).

At the time of the incident, there was an employee close enough to assist with Ms. Wimbush after the incident. Given the quick response time from the employee, Defendant Family Dollar store had constructive knowledge of the hazard because an employee was in the immediate vicinity and could have noticed and resolved the hazard.

#### 4. Ms. Lanesha Wimbush Lacked Knowledge of the Hazard

It is undisputed that Ms. Wimbush was visiting Family Dollar at the time of this incident. While Ms. Wimbush is required to use ordinary care while walking through the store, invitees are not required to look directly at the floor before taking every step. Robinson v. Kroger Co., 268 Ga. 735, (1997).

The Georgia courts have held that "an invitee's admission that he did not look at the site on which he placed his foot or that he could have seen the hazard had he visually examined the floor before taking the step which led to his downfall" does not establish a failure to exercise ordinary care as a matter of law. Robinson v. Kroger Co., 268 Ga. 735 (1997).

In the present matter, Ms. Wimbush was exercising ordinary care while walking through Family Dollar store and there are no facts suggesting that she was acting in any way that would have contributed to this unfortunate incident.

### **INJURY DIAGNOSES**

As a result of the March 27, 2020 incident, Lanesha Wimbush was diagnosed with the following injuries:

1. Contusion of mid back, unspecified laterally, initial encounter (W19.XXXA);
2. Contusion of lower back, initial encounter (S20.229A);
3. Closed head injury without loss of consciousness (S09.90XA);
4. Cervicalgia (M54.2);
5. **Disc bulge C3-C4;**
6. **Disc bulge C4-C5;**
7. **Disc bulge L4-L5;**
8. Concussion w/o loss of consciousness, initial (S06.0X0A);
9. Concussion w/o loss of consciousness, subsequent (S06.0X0D);
10. Low back pain (M54.5);
11. Mild cognitive impairment (G31.84);
12. Occipital neuralgia (M54.81);
13. Pain in thoracic spine (M54.6)
14. Post traumatic headache, unspecified, intractable (G44.301);
15. Postconcussional syndrome;
16. Post-concussion headaches;
17. Headache (R51);
18. Radiculopathy, lumbar region (M54.16);
19. Radiculopathy, cervical region (M54.12);
20. Sprain of ligaments of cervical spine, initial encounter (S13.4XXA);
21. Sprain of ligaments of lumbar spine, initial encounter (S33.5XXA);
22. Myositis, unspecified (M60.9);
23. Segmental and somatic dysfunction of cervical region (M99.01);
24. Segmental and somatic dysfunction of thoracic region (M99.02); and
25. Segmental and somatic dysfunction of pelvic region (M99.05).

## COMPENSABLE DAMAGES

It is well-settled that in cases where liability is clear, the injured party is entitled to recover all general and special damages that "flow" from the negligent act including, but not limited to, the cost of medical services, compensation for pain and suffering, past, present, and future compensation for loss of earnings and the impairment of earning capacity, the permanency of the injuries and disabilities, and compensation for the loss of enjoyment of life. See *Glisson v. Freeman*, 243 Ga. App. 92, 108 (2000). As a result of this incident, Ms. Wimbush sustained the following special damages:

### MEDICAL EXPENSES
*(See Medical Bills and Records attached on CD)*

| EMS | To be supplemented |
|---|---|
| Wellstar Atlanta Medical | $15,294.30 |
| South Fulton Emergency Physicians | $1,400.00 |
| Quantum Radiology | $759.00 |
| Urgent Pain Management | $10,311.20 |
| Hope Neurological & Medical Services | $11,815.00 |
| American Health Imaging | $6,820.00 |
| **TOTAL** | **$46,399.50+** |

## THE HUMAN COST

### PHYSICAL PAIN AND SUFFERING

Pain and suffering and the impact of the loss of capacity to lead a normal life is greater than any economic damages someone could suffer. The courts and lawmakers of the State of Georgia have long recognized the value and importance of compensating injury victims for both their physical and emotional pain and suffering. It is undisputed that the value of pain and suffering is determined by the enlightened conscience of a jury. *Ray v. Stinson, et al* 172 Ga. App. 718 (1984); *Redd et al, v. Peters*, 100 Ga. App. 316 (1959).

In addition to the damages quantified above, Ms. Wimbush suffered non-economic damages as well all while enduring relentless pain on a daily basis. Ms. Wimbush has experienced severe headaches since the incident. She also noted that due to headaches, she has been unable to sleep, walk, and perform her work duties properly. The value of pain and suffering is determined by the enlightened conscience of a jury. *Ray v. Stinson, et al* 172 Ga. App. 718 (1984); *Redd et al, v. Peters,* 100 Ga. App. 316 (1959). Ms. Wimbush's physical pain and suffering consists of approximately 180 days since the date of the incident until her last date of treatment. It would not be unreasonable for a jury to award $300.00 a day for pain and suffering for a total of **$54,000.00** alone. (180 days x $300.00).

### EMOTIONAL PAIN AND SUFFERING

The emotional pain and suffering associated with these circumstances are far greater than any physical pain and suffering. It is understandable how injury victims become consumed with thoughts of sadness and helplessness - concerning the fall, safety, medical bills, physical pain,

scars, and their ability to return to normal. Pain, suffering and emotional distress are the greatest losses to an injured person. An injured person suffers, not only from the physical injuries, but also the uncertainty as to when or whether they will fully recover. An injured person suffers from the stress related with the possibility that their job may be in jeopardy or that they may lose their job due to their injuries, limitations or need to be absent while obtaining medical treatment. When the accident occurred, Ms. Wimbush had her own well-being and her family to worry about, causing her to suffer anxiety, stress and difficulty sleeping frequently as a direct result of the collision. Due to the collision, she has suffered from:

1. a significantly diminished active lifestyle;
2. stress from the aftermath of the collision; and
3. trauma, both mentally and physically;

Pain, suffering and emotional distress is greater losses than the costs of the medical treatment required to alleviate the pain. An injured person will not pay more for medical treatment than the expected benefit of medically reducing the pain, suffering and emotional distress. In some cases, even where the medical expenses are relatively low, the injured person may nevertheless suffer enormous physical, psychological, emotional and mental pain and suffering. As noted above, the value of pain and suffering is determined by the enlightened conscience of a jury. *Ray*, 172 Ga. App. 718 (1984). Ms. Wimbush's emotional pain and suffering consists of approximately 278 days since the date of the collision until today. It would not be unreasonable for a jury to award at least $200.00 per day for each day of emotional pain and suffering. Therefore, we place a conservative value of **$55,600.00** (278 days x $200.00 a day) on Ms. Wimbush's emotional pain and suffering.

## FUTURE PAIN AND SUFFERING

In addition, as a direct result of the injuries received in this wreck, Lanesha Wimbush will suffer from a meaningful loss of her future enjoyment of life. She is a 34-year-old female and according to the Annuity Mortality Table 1949, ultimately, she will live an additional 46 years. Given her 46-year life expectancy, it would not be unreasonable for a jury to award at least $3.00 a day for future pain and suffering for a total of **$50,370.00.** (46 x 365 x $3.00 = $50,370.00). Once this case is settled, Lanesha Wimbush will no longer be able to look to your insured for any future disabilities or medical expenses. Lanesha Wimbush only has one opportunity to settle for the full value of her injuries. As part of this offer of settlement, our client is entitled to compensation for future medical expenses.

## TOTAL DAMAGES

| Medical Expenses | $46,399.50+ |
|---|---|
| Physical Pain and Suffering | $54,000.00 |
| Emotional Pain and Suffering | $55,600.00 |
| Future Pain and Suffering | $50,370.00 |
| **TOTAL** | **$206,369.50+** |

6

**UNLIQUIDATED DAMAGES DEMAND[1] AND TIME LIMITED DEMAND**

Based on the facts above, please consider our demand of *Two Hundred Six Thousand Three Hundred Sixty-Nine and 50/100 Dollars ($206,369.50).*

1.  The amount requested under the Georgia Unliquidated Damages Interest Act codified at O.C.G.A. § 51-12-14 ("the Act"). Pursuant to the Act, if the amount offered, or the policy limits, is not paid in full within **thirty (30) days** from the receipt of this letter then, if upon the trial of this case a judgment not less than the sum demanded results, the Plaintiff herein will be entitled to receive interest on the sum demanded at the rate provided by law from the **thirtieth (30th)** day following the receipt of this letter; and,

2.  A time limited demand under the authority of <u>Southern General Insurance Company v. Holt</u>, 200 Ga. App. 759 (1991), 262 Ga. 267 (1992).

**CONCLUSION**

This notice is sent merely to establish a claim for interest and penalties, and excess over the policy limit recovery, and is not to be construed as legal advice. We represent the interests of Lanesha Wimbush only. This demand is our good faith offer to settle his claim for a reasonable and fair amount and to avoid the high cost of a lengthy trial and excess over the policy limit exposure.

We recognize, that you have 30 days in accordance Unliquidated Damages Interest Act to respond to this demand, but please be advised we are prepared and will file if we are unable to reach an amicable settlement agreement on behalf of our client, Lanesha Wimbush.

We look forward to hearing from you.

Very truly yours,

**BEY & ASSOCIATES, LLC**

---

[1] Under Georgia law, notice sent to a party's attorney or agent pursuant to O.C.G.A. § 51-12-14 constitutes proper notice to that party. See <u>Bennett v. Mullaly</u>, 263 Ga. App. 215 (2003).

7