

**null / ALL**
**Transmittal Number: 23749777**
**Date Processed: 09/10/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Cynthia Bertucci<br>Dollar Tree Stores Inc<br>500 Volvo Pkwy<br>Chesapeake, VA 23320-1604 |
| **Electronic copy provided to:** | Heather Hunter<br>JJ Jacobson-Allen |

| | |
|---|---|
| **Entity:** | Family Dollar Stores of Georgia, LLC<br>Entity ID Number  3697582 |
| **Entity Served:** | Family Dollar Stores Of Georgia, Inc. |
| **Title of Action:** | Lanesha Wimbush vs. Family Dollar Stores Of Georgia, LLC |
| **Matter Name/ID:** | Lanesha Wimbush vs. Family Dollar Stores Of Georgia, LLC (11551558) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Douglas County State Court, GA |
| **Case/Reference No:** | 21SV00777 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 09/10/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | N. John Bey<br>404-344-4448 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

FILED
9/1/2021 6:06 PM
Annetta D. Stembridge, Clerk
Superior & State Court
Douglas County, GA
21SV00777

## IN THE STATE COURT OF DOUGLAS COUNTY
## STATE OF GEORGIA

LANESHA WIMBUSH,

      Plaintiff,

v.

FAMILY DOLLAR STORES
OF GEORGIA, LLC,

      Defendant.

CIVIL ACTION
FILE NO.: 21SV00777

**JURY TRIAL DEMAND**

### VERIFIED COMPLAINT

Plaintiff Lanesha Wimbush (hereinafter "Plaintiff"), in the above-styled action, and files this Verified Complaint against the Defendant Family Dollar Stores of Georgia, LLC (hereinafter "Defendant") and shows the court as follows:

### PRELIMINARY STATEMENT

1.

This is a civil action seeking to hold Defendant liable for the incident that occurred on March 27, 2020, causing personal injuries to Plaintiff.

### PARTIES, JURISDICTION, AND VENUE

2.

At all relevant times in the instant litigation, Plaintiff was a citizen of the State of Georgia with domiciliary in the State of Georgia, residing in Fulton County.

3.

At all relevant times in the instant litigation, Defendant was operating its business as a

1

21SV00777

Foreign Limited Liability Company.  Defendant may be served with process through its registered agent Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

4.

The subject premises liability incident occurred inside the Family Dollar store located at 6113 Fairburn Road, Douglasville, Georgia 30134 in Douglas County.

5.

Defendant is subject to this jurisdiction under Article VI, Section II, Paragraph VI of the Constitution of the State of Georgia and O.C.G.A. §14-2-510(b)(3).

## **OPERATIVE FACTS**

6.

On March 27, 2020, Plaintiff was an invitee at the Family Dollar store located on 6113 Fairburn Rd, Douglasville, GA 30134.

7.

As Plaintiff was walking through the detergent aisle, she unknowingly stepped onto a wet substance.

8.

The spill caused Plaintiff to slip and fall onto the floor, causing a concussion, bruising, headaches and swelling on her back.

9.

Another individual observed the incident and asked an employee to clean up the wet substance.

2

21SV00777

10.

No employees immediately reported to the scene.

11.

As a result of this injury, Plaintiff sought immediate treatment at Wellstar Atlanta Medical

Center where she complained of neck pain, back pain, and pain in the back of her head.

12.

At all times relevant to this action, Defendant owed Plaintiff a duty to exercise ordinary

care in keeping the premises and approaches safe.

13.

Plaintiff was an invitee, as she was invited on the premises and acted on said invitation by

entering Defendant's place of business for the lawful purpose of buying goods and/or services.

14.

Plaintiff entered Defendant's establishment and slipped on a wet substance on the floor.

15.

As a result of slipping on the substance, Plaintiff fell to the ground.

16.

As a result of the fall, Plaintiff suffered severe injuries that required medical treatment.

17.

As a result of Defendant's negligence, Plaintiff underwent medical treatment for her

injuries.

## **COUNT ONE: NEGLIGENCE**

18.

Plaintiff incorporates by reference, as fully set forth herein, Paragraph 1 through 17 of the

3

21SV00777

Complaint in its entirety.

19.

Defendant owed Plaintiff a duty to exercise ordinary care in keeping the premises and approaches safe.

20.

Defendant breached its duty to exercise ordinary care in keeping the premises and approaches safe when it failed to properly notify its customers of the hazard posed by the wet substance on the floor.

21.

Defendant knew or should have known that the substance was dangerous and should have properly displayed danger signs or adequately informed its guests of the danger caused by the substance.

22.

Defendant negligently left the wet substance on the floor without any precaution to its guests, causing Plaintiff to slip and fall.

23.

As a result of Plaintiff's slip and fall, she suffered injuries that required medical treatment.

24.

As a direct and proximate result of Defendant negligence, Plaintiff sustained physical and emotional injuries.

25.

As a direct and proximate result of Defendant's negligence, Plaintiff was required and

4

21SV00777

underwent medical treatment for her injuries.

26.

As a direct and proximate result of Defendant's negligence, Plaintiff incurred significant medical expenses.

27.

Defendant's negligence was a direct and proximate cause of injury to Plaintiff, including personal injuries.

28.

Defendant's negligence was a direct and proximate cause of injury to Plaintiff, including medical expenses.

29.

Defendant's negligence was a direct and proximate cause of injury to Plaintiff, including physical pain and suffering.

30.

Defendant's negligence was a direct and proximate cause of injury to Plaintiff, including emotional pain and suffering.

31.

Defendant's negligence was a direct and proximate cause of injury to Plaintiff, including mental anguish.

## COUNT TWO: REASONABLE ATTORNEY'S FEES UNDER O.C.G.A. §13-6-11

32.

Defendant is liable to Plaintiff for her reasonable and necessary attorney's fees in this matter for causing Plaintiff unnecessary trouble and expense and for being stubbornly litigious where there is no bona fide controversy as to liability or damages in this matter.

WHEREFORE, Plaintiff prays for the following:

(a)     That process and summons issue requiring Defendant to appear as provided by law and to answer the allegations of this Complaint;

(b)     A trial by jury;

(c)     Recovery for her past and future physical pain and suffering;

(d)     Recovery for her past and future mental and emotional pain and suffering;

(e)     Recovery of past general damages in the amount of forty-eight thousand four hundred and twenty-five dollars and twenty-five-cents ($48,425.25) for Plaintiff;

(f)     Recovery for present and future medical, hospital, and other items of special damage;

(g)     That all costs be cast against Defendant;

(h)     Her loss of enjoyment of life;

(i)     That Plaintiff be awarded her reasonable attorney fees and costs of filing this action; and

(j)     For such other and further relief as the Court deems just and appropriate.

**BEY & ASSOCIATES, LLC**

Ṅ. John Bey
Georgia Bar No. 118279
Joe Morris III
Georgia Bar No. 524280
Attorneys for Plaintiff

21SV00777

191 Peachtree Street N.E., Suite 3200
Atlanta, Georgia 30303
Telephone: (404) 344-4448
Facsimile: (404) 393-6107
*john@beyandassociates.com*
*joe@beyandassociates.com*

21SV00777

## IN THE STATE COURT OF DOUGLAS COUNTY
## STATE OF GEORGIA

LANESHA WIMBUSH,                                  |

     **Plaintiff,**                                  |     **CIVIL ACTION**
                                                       |     **FILE NO.:**

                                                       |

**v.**                                             |     <u>**JURY TRIAL DEMAND**</u>

                                                       |

**FAMILY DOLLAR STORES**                            |
**OF GEORGIA, LLC,**                                |

     **Defendant.**                                 |

---

### <u>VERIFICATION</u>

Personally, appeared before me, **LANESHA WIMBUSH**, who, after first being duly

sworn, deposes and states under oath that I have read the foregoing **Verified Complaint**, and

that the presented facts stated therein are true and correct to the best of my knowledge.

Respectfully submitted on _September 1st_, 2021.

                                  _____
                                  **LANESHA WIMBUSH**
                                  Lanesha Wimbush

Sworn and subscribed before me on _September 1st_, 2021

_____
Notary Public
Commission expires on: _1/7/22_

21SV00777

## IN THE STATE COURT OF DOUGLAS COUNTY

## STATE OF GEORGIA

**LANESHA WIMBUSH** _____

      **Plaintiff**

      **Versus**

21SV00777

**CASE NO.** _____

**FAMILY DOLLAR STORES OF GEORGIA, LLC**

      **Defendant**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

      **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

Bey and Associates, LLC / N. John Bey, Esq.
191 Peachtree St. NE, Suite 3200
Atlanta, GA 30303

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for relief demanded in the complaint.**

      This __1__ day of _September_, 2021.

/s/ Annetta D. Stembridge
_____

**Clerk of State Court**

FILED
9/1/2021 6:06 PM
Annetta D. Stembridge, Clerk
Superior & State Court
Douglas County, GA
21SV00777

## IN THE STATE COURT OF DOUGLAS COUNTY
## STATE OF GEORGIA

LANESHA WIMBUSH,                          |

      **Plaintiff,**                          |          CIVIL ACTION
                                          |          FILE NO.: 21SV00777 _____
                                          |
v.                                        |          <u>**JURY TRIAL DEMAND**</u>
                                          |
**FAMILY DOLLAR STORES**                   |
**OF GEORGIA, LLC,**                       |
                                          |
      **Defendant.**                          |

---

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
### OF FACT TO FAMILY DOLLAR STORES OF GEORGIA, LLC

In compliance with O.C.G.A. § 9-11-36, Defendant Family Dollar Stores of Georgia, LLC (hereinafter "Defendant") is required to admit the truth of the separately listed matters of fact, and the genuineness of the attached documents, on the forty-fifth (45th) day after service of this request. As required by statute, Defendant is required to respond to this request in writing.

Defendant is specifically reminded that the separately listed statements of facts are deemed admitted unless, within forty-fifth (45) days after service of Plaintiff's First Request For Admissions to Defendant Family Dollar Stores of Georgia, LLC ("Admissions"), Defendant serves a written answer, or objection, addressed to each fact.

### <u>DEFINITIONS</u>

When used in these Admissions, the following terms shall have the meanings herein assigned unless the context clearly requires another construction.

    (a)    The terms "Defendant" and "you" and any synonym or plural thereof and derivatives therefrom, Family Dollar Stores of Georgia, LLC, and, in addition, counsel for Defendant and all agents, masters, servants, associates, employees,

21SV00777

representatives, private investigators, insurers and others who are or have been in possession of, or who may have obtained, information for or on Defendant's behalf. <u>See</u> O.C.G.A. §9-11-33) (a).

(b)   The term "incident," "subject incident", or "occurrence" when used herein shall not refer to occurrence unmixed with negligence but shall refer to that event of March 27, 2020 in which Plaintiff Lanesha Wimbush slipped and fell while she was a patron of the Family Dollar store located in Douglas County, Georgia.

## <u>REQUESTS TO ADMIT TO DEFENDANT</u>

1.

Please admit that you have been served with process in this action.

2.

Please admit you raise no defense as to sufficiency of service of process in this action.

3.

Please admit that you are subject to the jurisdiction of this Court.

4.

Please admit that venue in this Court is proper as to you.

5.

Please admit that Plaintiff Lanesha Wimbush, as designated in the caption to this lawsuit, is the proper party to bring the instant action.

6.

Admit that on or about March 27, 2020, Plaintiff Lanesha Wimbush was an invitee of Defendant's store, located at 6113 Fairburn Road, Douglasville, Douglas County, Georgia 30134.

-2-

7.

Admit that you knew or should have known that on March 27, 2020, that there was a wet substance on the floor where Plaintiff Lanesha Wimbush fell.

8.

Admit that you had a duty of warn of hazardous conditions on your property.

9.

Admit Plaintiff Lanesha Wimbush was invited onto your property.

10.

Admit that no one employed by you called 911 or emergency services after Plaintiff Lanesha Wimbush was injured.

11.

Admit that Plaintiff Lanesha Wimbush was injured on your premises.

12.

Admit that Plaintiff Lanesha Wimbush was a customer of yours at the time she was injured on March 27, 2020.

13.

Please admit that Plaintiff Lanesha Wimbush sustained serious and severe injuries to her person as a result of the fall.

14.

Please admit that Plaintiff Lanesha Wimbush was not contributorily negligent.

*(SIGNATURES ON NEXT PAGE)*

**BEY & ASSOCIATES, LLC**

N. John Bey
Georgia Bar No. 118279
Joe Morris III
Georgia Bar No. 524280
Attorneys for Plaintiff

191 Peachtree Street N.E., Suite 3200
Atlanta, Georgia 30303
Telephone: (404) 344-4448
Facsimile: (404) 393-6107
*john@beyandassociates.com*
*joe@beyandassociates.com*

FILED
9/1/2021 6:06 PM
Annetta D. Stembridge, Clerk
Superior & State Court
Douglas County, GA
21SV00777

## IN THE STATE COURT OF DOUGLAS COUNTY
## STATE OF GEORGIA

LANESHA WIMBUSH,                                 |
                                                 |        **CIVIL ACTION**
              **Plaintiff,**                     |        **FILE NO.:** 21SV00777
                                                 |
                                                 |        **JURY TRIAL DEMAND**
v.                                               |
                                                 |
**FAMILY DOLLAR STORES**                         |
**OF GEORGIA, LLC,**                             |
                                                 |
              **Defendant.**                     |

---

### PLAINTIFF'S FIRST INTERROGATORIES
### TO DEFENDANT FAMILY DOLLAR STORES OF GEORGIA, LLC

**COMES NOW**, Plaintiff, in the above-styled action, and requests that Defendant Family Dollar Stores of Georgia, LLC, (hereinafter "Defendant" or "Defendant Family Dollar") answer Plaintiff's First Interrogatories to Defendant Family Dollar, under oath and in accordance with the Georgia Civil Practice Act, within thirty (45) days of service hereof.

### INTRODUCTION

In answering these interrogatories, furnish all information that is available to you, including information that is in the possession of your attorneys and agents. If you are unable to answer any of the following interrogatories in full, answer to the greatest extent possible, specifying the information that you are unable to provide and the reasons that you are unable to provide it. You are required to supplement your responses as provided by O.C.G.A. § 9-11-26 (e).

In the event that any answer or portion thereof will be withheld because of a claim of privilege or work product:

(a)     State the basis upon which the privilege is or will be claimed;

21SV00777

(b)     If a document is involved, state the author of the document, the date of the document, and the identity of the person possessing the document; and

(c)     State the general subject matter of the information or any document or portion thereof for which the privilege is claimed.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.     "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in Defendant's possession, control or custody or of which it has knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.     "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

21SV00777

3.    (a)    "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)    "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.    "**Subject Incident**" means events made the basis of the Complaint, including the incident that occurred on March 27, 2020.

5.    "**Defendants**" "**you**" or "**your**" means Defendant Family Dollar.

6.    The terms "**and**" as well "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

7.    Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

21SV00777

8.      With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

9.      **CONTINUING DUTY TO SUPPLEMENT – Defendant is under a continuing duty to supplement these responses in accord with Georgia law.**

## INTERROGATORIES

1.

Identify the person(s) answering this discovery request on behalf of Defendant.

2.

Describe the condition of the floor to wit where Plaintiff fell on March 27, 2020.

3.

Identify each expert who has been retained or specifically employed by you in anticipation of litigation or preparation for trial.

4.

Identify with specificity and detail all documentary evidence in your possession, custody, or control related to the claims alleged in the Complaint. For each item identified, state the full name and address of the record custodian, the location of the document, and the name(s) of all person(s) who have been provided with a copy.

5.

Please list each and every exhibit that you intend to have admitted into evidence at the time of trial.

21SV00777

6.

Please identify all witnesses known to you who saw or claim they saw, all or any part of the occurrence complained of in this action.

7.

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, identifying the same with sufficient particularity to satisfy a Request for Production of Documents.

8.

State the full name, address, and telephone number of each and every person who was working at the time in which the incident occurred.

9.

Please identify any policy or policies of liability insurance which would insure to the benefit of the Plaintiff here by providing for payment of a part of or all of any judgment rendered in favor of Plaintiff against you or any other person/corporation who may be liable to Plaintiff by reason of the incident described in the Complaint.

10.

State the name, address, and telephone number of any and all experts who have been employed by the Defendant to investigate this incident, examine the door involved in this incident, or who have in any way investigated the subject incident on behalf of the Defendant.

11.

With particularity sufficient to satisfy O.C.G.A. 9-11-26(b)(4), please identify each person whom you expect to call or may call as an expert witness upon the trial of this matter.

21SV00777

12.

State the full name, address, and telephone number of each and every person who witnessed Plaintiff Wimbush fall on March 27, 2020.

13.

Identify all supervisors employed by you on March 27, 2020.

14.

State the types of items on display in the area where Plaintiff Wimbush fell.

15.

Identify all documents in your possession which support your responses to these Interrogatories.

16.

Identify all similar premises liability incidents you have been involved in the last ten years.

17.

To your knowledge, information or belief, are there any photographs or drawings of the scene of the subject incident? If so, please describe each individual photograph or drawing with specificity, including, but not limited to, the date made, by whom it was made, the form (whether photographic print, transparency, diagram, plat, etc.), the subject represented, all facts represented or shown, and the present location and the name of the person having possession, custody or control.

18.

If you have raised any affirmative defenses in your Answer to the Complaint, state the factual and/or legal basis for each defense.

-6-

21SV00777

19.

Do you have in your possession or under your control any medical reports, communications, or written material not previously disclosed relating to any Plaintiff's medical condition prior to the subject incident? If so, identify the nature of each record, communication and written information, its author or writer, and the date thereof.

20.

Do you have in your possession or under your control any medical reports, communications or written material not heretofore disclosed relating to the Plaintiff's medical condition subsequent to the subject incident? If so, identify the nature of each record, communication and written information, its author or writer and the date thereof.

21.

Identify every act, statement, document, or event which supports any contention that Plaintiff contributed to or caused the subject incident to occur.

**BEY & ASSOCIATES, LLC**

N. John Bey
Georgia Bar No. 118279
Joe Morris III
Georgia Bar No. 524280
Attorneys for Plaintiff

191 Peachtree Street N.E., Suite 3230
Atlanta, Georgia 30303
Telephone: (404) 344-4448
Facsimile: (404) 393-6107
*john@beyandassociates.com*
*joe@beyandassociates.com*

-7-

21SV00777

## VERIFICATION

STATE OF GEORGIA

FULTON COUNTY

      I, _____, am over eighteen (18) years of age and of sound

mind and body. I hereby swear/affirm that the attached responses to ***Plaintiff's First***

***Interrogatories to Defendant Family Dollar Stores of Georgia, LLC*** are true and correct to the

best of my knowledge against the penalty of perjury.

This _____ day of _____, 20 _____.

                                       _____

Personally, appeared before me, the above-named person who under oath states that the facts set

forth in the foregoing petition are true.

Notary: _____

My Commission expires on: _____

FILED
9/1/2021 6:06 PM
Annetta D. Stembridge, Clerk
Superior & State Court
Douglas County, GA
21SV00777

## IN THE STATE COURT OF DOUGLAS COUNTY
## STATE OF GEORGIA

LANESHA WIMBUSH,    |

   Plaintiff,      |

             |

v.            |

             |

FAMILY DOLLAR STORES   |
OF GEORGIA, LLC,     |

             |

   Defendant.     |

CIVIL ACTION
FILE NO.: 21SV00777 _____

**JURY TRIAL DEMAND**

---

### PLAINTIFF'S REQUEST FOR PRODUCTION
### OF DOCUMENTS TO DEFENDANT FAMILY DOLLAR STORES OF GEORGIA, LLC

  **COMES NOW**, Plaintiff, in the above styled action, and serves upon Defendant Family Dollar Stores of Georgia, LLC (hereinafter "Defendant" or "Defendant Family Dollar) the following Request for Production of Documents and requires Defendant to respond to said Request for Production of Documents separately and fully and to permit Plaintiff's counsel to inspect and copy the requested documents. Said production will take place at the offices of Plaintiff's counsel, Bey & Associates, LLC, 191 Peachtree Street, N.E., Suite 3200, Atlanta, Georgia 30303 within forty- five (45) days after service of this request or at such other time and place as agreed to between counsel for the parties. This request also requires the Defendant, pursuant to O.C.G.A. § 9-11-34, to permit Plaintiff or Plaintiff's agent or attorneys to enter upon designated land or other property in the possession or control of the Defendant for the purposes of inspection, photographing, testing or sampling of any designated object within the scope of O.C.G.A. § 9-11-26 (b).

21SV00777

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in Defendant's possession, control or custody or of which it has knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings. Plaintiff expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

-2-

21SV00777

(b)     "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.      "**Subject Incident**" means events made the basis of the Complaint, including the slip and fall that occurred on March 27, 2020.

5.      "**Defendants**" "**you**" or "**your**" means Defendant upon Defendant Family Dollar.

6.      "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

7.      "**This Matter**" is meant to include: the claim for personal injuries brought by the Plaintiff.  Therefore, if a request seeks the identity of witnesses or documents relating to **"this matter,"** it seeks information or documents which relate to all claims arising from the subject incident.

8.      The terms **"and"** as well **"or"** shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for

21SV00777

documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

9.      Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

10.      With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## DOCUMENTS TO BE PRODUCED

1.

Please produce any document that in any way refers to the incident suffered in which Plaintiff was injured.

2.

Please produce any document which lists the name of any employee of this Defendant who was on duty on the date of the incident.

3.

Please produce any document which shows the name of any employee of this Defendant.

4.

Please produce any reports showing any investigation done into the incident suffered by Plaintiff on the date of the incident.

5.

21SV00777

Please produce any document showing any conversation between any employee of this Defendant and Plaintiff concerning the incident on the date of the incident.

6.

Please produce financial records, tax returns, profit and loss statements, or any other financial documentation which shows the net worth of this Defendant from the years 2018 through and including the present.

7.

Please produce any documents which references Plaintiff on the date of the incident.

8.

Please produce any documents which show that this Defendant and/or its employees had knowledge that Plaintiff fell on date of the incident.

9.

Please produce any documents which show that this Defendant and/or its employees had knowledge that any person and fell on its property the date of the incident.

10.

Please produce any photograph, video, still photograph, digital photograph, audio recording, or electronically stored recording of any of the above, or any other image which shows the Plaintiff the date of the incident or his appearance afterwards.

11.

Please produce any photograph, video, still photograph, digital photograph, audio recording, or electronically stored recording of any of the above, or any other image which shows the location where the incident occurred involving Plaintiff.

12.

21SV00777

Please produce any photograph, video, still photograph, digital photograph, audio recording, or electronically stored recording of any of the above, or any other image which shows the condition of the area where Plaintiff fell on March 27, 2020.

13.

Please produce any document that shows the name of the company or entity that owns, operates, controls, or has an interest in this Defendant's premises.

14.

Please produce any document that shows the name of any company or entity that owns, operates, controls, or has an interest in the company identified in the previous Request.

15.

Please provide any document that states the name, address, and job title of any employee of this Defendant who was responsible for creating, implementing, administering, supervising, or otherwise had a say in this Defendant's policies and procedures concerning the hallway where Plaintiff fell.

16.

Please provide any document that states the name, address and job title of any employee of this Defendant who had direct contact with Plaintiff on the date of the incident subject to the complaint in this matter before the incident incurred.

17.

Please provide any document that states the name, address, and job title of any employee of this Defendant who had direct contact with Plaintiff on the date of the incident subject to the complaint in this matter after the incident.

18.

Please produce a certified copy of any insurance policy, including its declaration page(s), which may provide coverage to this Defendant for any liability which may arise as a result of the incident referred to in Plaintiff's Complaint.

19.

Produce any document, memorabilia, note, or other recording that contains information responsive to any of the Plaintiff's First Interrogatories to this Defendant.

20.

Produce a copy of the full staffing schedule for this Defendant on the date of incident.

21.

Provide any document which shows the name, address or last known address of any person who was injured at this Defendant's premises from 2013 through the present.

22.

Provide any document that shows the name, address, or last known address of any person who filed a lawsuit or complaint as a result of being injured at this Defendant's premises from 2018 to present.

23.

Produce a copy of any written policy or procedure of any kind of this Defendant concerning the cleaning schedule of the aisleway where Plaintiff fell on or before March 27, 2020. Including but not limited to, cleaning logs and what cleaning products are used.

24.

Produce a copy of any written policy or procedure of any kind of this Defendant concerning the cleaning schedule of the aisleway where Plaintiff fell after March 27, 2020. Including but not limited to, cleaning logs and what cleaning products are used.

25.

21SV00777

Provide copies of any and all documents showing what disciplinary actions were taken against any employee or agent of this Defendant, for their actions, omissions, violations of policy or procedure, or violations of regulations concerning the incident involving Plaintiff on March 27, 2020.

26.

Provide a copy of the employee handbook of this Defendant.

27.

Provide a copy of the Articles of Incorporation of this Defendant from 2018 to 2021.

**BEY & ASSOCIATES, LLC**

N. John Bey
Georgia Bar No. 118279
Joe Morris III
Georgia Bar No. 524280
Attorneys for Plaintiff

191 Peachtree Street N.E., Suite 3200
Atlanta, Georgia 30303
Telephone: (404) 344-4448
Facsimile: (404) 393-6107
*john@beyandassociates.com*
*joe@beyandassociates.com*

2102523/

| SHERIFF'S ENTRY OF SERVICE | SC-85-2 |
| --- | --- |

| | Superior Court ☐ | Magistrate Court ☐ |
| Civil Action No. 21SV00777 | State Court ☒ | Probate Court ☐ |
| | Juvenile Court ☐ | |

Date Filed 9/1/2021

Georgia, DOUGLAS _____ COUNTY

LANESHA WIMBUSH

Attorney's Address

N. JOHN BEY, ESQ.
191 PEACHTREE STREET NE STE 3200
ATLANTA, GA 30303

Plaintiff

VS.

FAMILY DOLLAR STORES OF GEORGIA, INC.

Name and Address of Party to be Served.

FAMILY DOLLAR STORES OF GEORGIA, INC.

Defendant

C/O REGISTERED AGENT, CORPORATION

SERVICE COMPANY

2 SUN COURT SUITE 400
PEACHTREE CORNERS, GA 30092

Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL** ☐
I have this day served the defendant_____personally with a copy of the within action and summons.

_____

**NOTORIOUS** ☐
I have this day served the defendant_____by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____described as follows: age, about_____years; weight_____pounds; height, about_____feet and_____inches, domiciled at the residence of defendant.

_____

**CORPORATION** ☐
Served the defendant _Family Dollar Stores of Georgia, Inc._____a corporation by leaving a copy of the within action and summons with_____Alisha Smith_____ in charge of the office and place of doing business of said Corporation in this County.

_____

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐
Diligent search made and defendant_____ not to be found in the jurisdiction of this Court.

This 9 day of SEPTEMBER ,20 21 .

Suy S01104

S. Jo

DEPUTY

SHERIFF DOCKET_____ PAGE_____