IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LANESHA WIMBUSH,

    Plaintiff,

      v.

FAMILY DOLLAR STORES OF
GEORGIA, LLC,

    Defendant.

CIVIL ACTION FILE
NO. 1:21-CV-4078-TWT

**OPINION AND ORDER**

This is a personal injury action. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 14]. For the reasons set forth below, the Defendant's Motion for Summary Judgment [Doc. 14] is DENIED.

## I.   Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present

affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## II. Discussion

The Defendant's Motion boils down to one issue: whether the Plaintiff's continued erroneous identification of the location of her alleged accident entitles the Defendant to judgment as a matter of law. The Defendant highlights that the Plaintiff alleged that she fell at a Family Dollar store in Douglasville, but the Defendant's investigation later revealed that the alleged fall happened at a different store in Atlanta. (Def.'s Br. in Supp. of Def.'s Mot. for Summ. J., at 1–4.) The Plaintiff does not dispute the error but instead argues that the location of her fall "is not an essential element of her claim against [the] Defendant." (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 2.) In reply, the Defendant claims that because the Plaintiff did not visit the store in Douglasville as alleged in her Complaint, the store in question owed her no duty of care, precluding any recovery. (Def.'s Reply Br. in Supp. of Def.'s Mot. for Summ. J., at 2.) Further, the Defendant claims it was prejudiced by the Plaintiff's failure to identify the correct location. (*Id.* at 2–4.)

"A defendant demonstrates entitlement to summary judgment by showing that the record lacks evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case." *Keisha v. Dundon*, 344 Ga. App. 278, 278 (2018) (quotation marks omitted). Thus, if the erroneous identification eliminates the Defendant's duty of care towards the Plaintiff, her

2

claims fail. However, while identifying the wrong location of a tort could dispel any jury question as to a defendant's duty in some circumstances, such circumstances do not exist here. The Defendant owns both Family Dollar stores relevant in this case. (Pl.'s Statement of Add'l Material Facts ¶ 1.) Under Georgia law, an owner or occupier of land is liable for any "injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1. Because the Defendant owns both relevant stores here, there is at least a jury question as to whether it owed her a duty of care as an invitee. Further, the Defendant's prejudice argument fails because the Defendant has not shown that termination of the Plaintiff's claim is the proper consequence for the Plaintiff's admitted error. The case the Defendant relies upon, *Williams v. City of Atlanta*, 342 Ga. App. 470, 471–72 (2017), is distinguishable because the plaintiff there relied on a statutory cause of action that required a reasonably accurate statement of the time and place of his injuries.

    Here, the Plaintiff's common law negligence claim does not have such a requirement, and as such, there remains a jury question as to the existence of its duty of care. The Defendant provides no further argument as to the presence or absence of other required elements of the Plaintiff's claim. While the Plaintiff's initial failure to correctly identify the relevant store and her continued failure to properly amend her pleadings is not an entirely harmless action, it does not require this Court to enter summary judgment against her.

Because the Defendant relies entirely on this argument, the Motion for Summary Judgment is denied.

The Defendant is correct that any attempt by the Plaintiff to move for leave to amend her Complaint embedded within her briefing is improper. *See Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009). If the Plaintiff wishes to correct this longstanding inaccuracy in her pleading, she must do so through a motion presented to the Court.

### III.   Conclusion

For the reasons set forth above, the Defendant's Motion for Summary Judgment [Doc. 14] is DENIED.

SO ORDERED, this ___19th___ day of May, 2022.

                                                                      _____
                                                                      THOMAS W. THRASH, JR.
                                                                      United States District Judge